# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3870

_____

United States of America,           *
                                    *
            Plaintiff - Appellee,   *
                                    *   Appeal from the United States
      v.                            *   District Court for the District
                                    *   of Nebraska.
Pedro Soltero                       *
                                    *        [UNPUBLISHED]
            Defendant - Appellant.  *

_____

Submitted: July 22, 2004
Filed: July 20, 2005

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Pedro Soltero violated four conditions of his pretrial release. One of these violations was his failure to appear in court in December 2000. After these repeated violations, a warrant was issued for his arrest. The warrant was outstanding and he remained at large for over two years. In January 2003, he surrendered to authorities. Following his surrender, he cooperated and pled guilty to conspiracy to distribute between 100 and 400 kilograms of marijuana.

At sentencing, the district court[1] found Soltero's base offense level under the Sentencing Guidelines to be 26. It then granted a two-level reduction for his minor role in the offense, imposed a two-level enhancement for obstruction of justice, and denied a two-level reduction for acceptance of responsibility. Mr. Soltero's Criminal History was Category I and the resultant Sentencing Guidelines range was 63-78 months. The district court imposed a sentence of 63 months.

Mr. Soltero appeals, arguing that his case is "extraordinary" under U.S.S.G. § 3E1.1 cmt. 4 and United States v. Honken, 184 F.3d 961 (8th Cir. 1999), such that he deserves an acceptance of responsibility reduction in addition to the obstruction of justice enhancement. He also challenges his sentence under United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, 124 S.Ct. 2531 (2004). We review for clear error the district court's finding as to whether Mr. Soltero's case is "extraordinary" under Honken. We review the Booker/Blakely issue, which Mr. Soltero raised for the first time on appeal, only for plain error. United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005).[2]

The Guidelines make clear that, given extraordinary facts, it is possible to apply an enhancement for obstruction of justice and a reduction for acceptance of responsibility when calculating a sentence. See U.S.S.G. § 3E1.1 cmt. 4 ("Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases

---

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

[2]In a supplemental, pro se brief, Mr. Soltero raised additional issues regarding interpretation of the drug control provisions of the federal criminal code. His arguments in this regard are entirely frivolous and do not merit further discussion. We deny his pending motion to amend his supplemental, pro se brief.

in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."). The Guidelines do not define "extraordinary," but we have interpreted this term, as used by the Sentencing Commission, to mean "a situation that is extremely rare and highly exceptional." Honken, 184 F.3d at 970.

In Honken, we set forth a totality of the circumstances test for determining whether a case was extraordinary. We stated that district courts should take into account:

> the totality of the circumstances, including the nature of the [defendant's] obstructive conduct and the degree of [defendant's] acceptance of responsibility. . . whether, for example, the obstruction of justice was an isolated incident early in the investigation or an on-going effort to obstruct the prosecution . . . whether [the defendant] voluntarily terminated his obstructive conduct, or whether the conduct was stopped involuntarily by law enforcement . . . whether [the defendant] admitted and recanted his obstructive conduct, or whether he denied obstruction of justice at sentencing [and] not only whether the defendant pleaded guilty to the underlying offense but also whether he assisted in the investigation of his offense and the offenses of others.

Id. at 968. Here, Mr. Soltero repeatedly violated the conditions of his pretrial release, failed to appear in court, and ultimately spent over two years on the run. It is clear, then, that he substantially impeded the administration of justice over an extended period of time. His obstruction was not an isolated incident. He surrendered, but at the time of his surrender, there was a warrant for his arrest that remained outstanding. He has identified no unusual or compelling circumstances that might justify his actions. Similarly, he has identified nothing to suggest that his eventual surrender and subsequent cooperation amounted to more than a cessation of obstructive conduct followed by a plea of guilty. The burden to prove that a case is extraordinary is a heavy burden, and the district court did not err when it found that Mr. Soltero's case was not extraordinary.

Regarding our plain error review of Mr. Soltero's sentence under <u>Booker</u> and <u>Blakely</u>, Mr. Soltero must show that district court's understandable error— application of the Guidelines as mandatory in 2003—affected his substantial rights. <u>Pirani</u>, 406 F.3d at 552. To make this showing, he must demonstrate a reasonable probability that the district court would have granted a more favorable sentence had it not treated the Guidelines as mandatory. <u>Id.</u>

Here, the district court imposed a bottom-of-the-range Guidelines sentence. There is nothing else to suggest that the district court would have granted a lesser sentence had it treated the Guidelines as advisory rather than mandatory. In <u>Pirani</u>, we held that a sentence at the bottom of the Guidelines range is insufficient, standing alone, for a defendant to make the required showing of prejudice. <u>Id.</u> at 553 ("But sentencing at the bottom of the range is the norm for many judges, so it is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the <u>Booker</u> error."). Accordingly, <u>Pirani</u> forecloses relief on the present facts.

We affirm the judgment of the district court.

_____